**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4325**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

EUNICE HUSBAND,

               Defendant  - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:08-cr-00016-IMK-JSK-1)

Submitted:  July 7, 2010          Decided:  July 22, 2010

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant.  Betsy C. Jividen, Acting United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A corrections officer conducted a "pat down" search of Eunice Husband, an inmate at the United States Penitentiary in Hazelton, West Virginia, which revealed that Husband had in his possession a seven-inch long metal "shank." Husband was placed in handcuffs and taken to the special housing unit, where a "visual" search was conducted in a holding cell. During the visual search, Husband stripped-down to his boxer shorts, at which time he turned his back to corrections officers, moved toward the back of the holding cell, and began placing items in his mouth. The officers ordered Husband to stop, but Husband refused and continued taking objects from his boxer shorts and placing them in his mouth. Officers entered the room and subdued Husband. The officers found 35 small packages of marijuana on the floor and in Husband's mouth after they gained control of him. Laboratory tests determined that the 35 packets contained a net weight of 6.6 grams of marijuana.

A two-count indictment was returned in the Northern District of West Virginia charging Husband with possession of an object intended to be used as a weapon in violation of 18 U.S.C. § 1791(a)(2) and (b)(3) and possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(d). During the ensuing jury trial, Husband made motions for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29,

which the court denied. The jury convicted Husband on each of the two charges. The court sentenced Husband to 120 months of imprisonment. Husband timely appealed.

Husband's appointed appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he concludes that this matter does not present any meritorious issues on appeal, but examines whether: (1) there was sufficient evidence to convict Husband of possession with intent to distribute; (2) Husband received effective assistance of counsel; and (3) Husband's rights were violated by the fact that he did not timely receive a detention hearing. The Government has filed a brief, in which it concurs with counsel's ultimate conclusion. Husband has filed two documents, one of which was styled as a "traverse" brief, and the other was styled as a supplemental pro se brief.[1]

## I. Right to a Detention Hearing

It is undisputed that Husband was entitled to a detention hearing, and that he did not timely receive one. Appellate review of violations of the Bail Reform Act's timely hearing requirement is for harmless error. See, e.g., United

---

[1] Husband's "traverse" brief is dedicated mainly to attacking the effectiveness of appellate counsel's assistance.

States v. Montalvo-Murillo, 495 U.S. 711, 722 (1990); see also United States v. Meyers, 95 F.3d 1475, 1488 (10th Cir. 1996).

A district court's failure to provide a timely detention hearing, in and of itself, does not require a reviewing court to release a defendant, Montalvo-Murillo, 495 U.S. at 717-22, and, taken alone, it is not a sufficient justification to reverse an otherwise valid conviction, Meyers, 95 F.3d at 1488. Rather, the record, taken as a whole, must establish that "the error may have had a 'substantial influence' on the outcome of the proceeding." Montalvo-Murillo, 495 U.S. at 722. Here, neither Husband, nor his attorney have argued that his pre-trial release would have had any bearing, much less "substantially influenced," the jury's decision to convict him, or the district court's decision to sentence him as it did. Indeed, given the fact that he was already serving a lengthy federal sentence and that he had no ties to the community, it would seem unlikely that a detention hearing would have resulted in Husband's release. In any event, as in Meyers, the issue of whether the district court erred has been effectively mooted by Husband's subsequent convictions. See 95 F.3d at 1488.

4

## II.  Sufficiency of the Evidence

This Court reviews de novo a district court's denial of a motion, made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for judgment of acquittal.  United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005).  In conducting such a review, the Court is obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). This Court has "defined substantial evidence as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Alerre, 430 F.3d at 693 (internal quotation and citation omitted); see Burgos, 94 F.3d at 862. This Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In evaluating the sufficiency of the evidence, this Court does not assess the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government.  United States v. Brooks,

524 F.3d 549, 563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008). This Court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotation marks and citation omitted).

We find that there is ample evidence to support the jury's decision to convict Husband of possession of marijuana with the intent to distribute. The fact that that officers recovered thirty-five pre-packaged and individually wrapped bags of marijuana from inside and around Husband's person more than supports the conclusion that Husband possessed the drugs with the intent to distribute them. Affording all reasonable inferences to the Government, it is clear that the Government adduced sufficient evidence to convict Husband.

## III. Ineffective Assistance of Counsel

Husband contends that his trial counsel was ineffective because he advocated for a charge of simple possession rather than arguing that Husband did not possess the drugs in question at all, as it seems Husband would have preferred, and that his appellate counsel has not fulfilled his obligations to adequately represent him. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d

6

233, 239 (4th Cir. 2006).  We find that Husband's claims are not ripe for review at this time.

## IV.  Other Issues

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform his client, in writing of his right to petition the Supreme Court of the United States for further review.  If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED